# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELO RALPH BIZZARRO,<br>        Plaintiff,<br><br>v.<br><br>FIRST NATIONAL BANK.<br>        Defendant. | NO. 1:18-cv-173 |

## MEMORANDUM OPINION AND ORDER

## I.  INTRODUCTION

Plaintiff Angelo Ralph Bizzarro ("Bizzarro"), acting *pro se*, commenced this action against Defendant First National Bank ("FNB") by filing a Complaint [ECF No. 1] on June 12, 2018. On June 29, 2018, FNB filed a Motion to Dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(1) based upon lack of subject matter jurisdiction. [ECF No. 5] For the reasons set forth below, the Court will grant FNB's motion.

## II.  PROCEDURAL HISTORY AND ALLEGATIONS OF THE COMPLAINT

Bizzarro's Complaint alleges that FNB negligently permitted an unnamed third party to withdraw funds from Bizzarro's bank account without authorization or proper identification. [ECF No. 1, ¶¶ V-VI]. The Complaint asserts that this Court has subject matter jurisdiction of the case "pursuant to misappropriation of funds due to negligence of [FNB]." [ECF No. 1, ¶ V]. The Complaint does not identify the statutory basis for Bizzarro's assertion of federal court jurisdiction. The Complaint identifies Bizzarro as "a resident of Erie, Erie County, Pennsylvania" and FNB as "a resident of Hermitage PA." [ECF No. 1, ¶¶ I-II]. The Complaint does not state the amount of the funds allegedly withdrawn from Bizzarro's account without

1

authorization. As additional unliquidated damages, the Complaint alleges Bizzarro "lost garbage business, home, [and] respect from children/family…". [ECF No. 1, ¶ VII].

FNB filed its motion to dismiss and supporting brief on June 29, 2018. [ECF Nos. 5, 6]. FNB argues that no basis for federal court jurisdiction exists in this case. FNB's brief also identifies the correct name of FNB as "First National Bank of Pennsylvania" and includes as an exhibit a copy of FNB's Articles of Association, certified by the Acting Comptroller of the Currency, which recites that FNB's main office is located in Greenville, Pennsylvania. [ECF No. 6-1].

Bizzarro filed a response to FNB's motion on July 24, 2018. [ECF No. 11]. Bizzarro's response clarifies certain aspects of Bizzarro's Complaint. Specifically, the response states that Bizzarro suffered a loss in the amount of $17,500.00 as a result of the unauthorized withdrawals from his personal bank account and identifies the third party who made the withdrawals as Angela Cuzzulo ("Cuzzulo"). [ECF No. 11, p.1]. Bizzarro's response also states that "further consideration should be given to [Bizzarro's] loss of a lucrative business as well as the detriment this has made to his credit profile due to exorbitant sums of money being withdrawn rapidly by [Cuzzulo]…" [ECF No. 11, p.2]. As an exhibit, the response attaches a letter to Bizzarro from an attorney, Manali Arora, of Doylestown Pennsylvania. [ECF No. 11-1]. The letter is dated December 22, 2010 and appears to offer legal opinions regarding potential claims Bizzarro might have against Cuzzulo and other parties.[1] The response also attaches a copy of the signature card for Bizzarro's deposit account [ECF No. 11-1], which confirms that the full name of FNB is "First National Bank of PA," as FNB asserts in its brief. Finally, the response attaches copies of

---

[1] The letter does not appear relevant to the issues presently before Court. However, its date, December 22, 2010, would appear to raise significant statute of limitations issues if this case were to survive FNB's Motion to Dismiss.

2

checks written on Bizzarro's account. Presumably, these are the checks Bizzarro alleges were written without his authorization.[2] [ECF No. 11-1].

## III. STANDARD OF REVIEW

When the Court considers a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), it must first determine whether the defendant is making a facial or factual jurisdictional challenge. *Zhuo Zhang v. Chertoff*, No. 06CV1140, 2006 WL 3254531, at *1 (W.D. Pa. Nov. 9, 2006). "In a facial jurisdictional attack, where the defendant asserts that the allegations of the complaint are insufficient to establish jurisdiction, the Court must consider the allegations of the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Id.* (citing *Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 884, 891 (3d Cir.1977)). Because Bizzarro proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

In a factual jurisdictional attack, where the defendant argues that the Court lacks jurisdiction based on evidence outside of the pleadings, the Court may consider that evidence and need only accept the plaintiff's uncontroverted allegations as true. *Id.* (citing *Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583* (Fed.Cir.1993) (internal citations omitted)). Whether the challenge is facial or factual, the plaintiff bears the burden of establishing that jurisdiction is proper.[3] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

---

[2] All of the checks bear dates during the month of October, 2004.

[3] FNB has properly challenged the Court's subject matter jurisdiction by motion pursuant to Rule 12(b)(1). The Court notes that even in the absence of such a challenge, the Court has an obligation to examine its own jurisdiction of a case and address questions of subject matter jurisdiction *sua sponte*, i.e., of its own accord. *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003). *See also* Fed.R.Civ.Pro. 12(h)(3).

3

In the present case, FNB presents both a facial and a factual challenge to subject matter jurisdiction. It argues that Bizzarro's Complaint fails to allege any of the prerequisites of federal question or diversity jurisdiction. FNB also has presented documentary evidence to negate the existence of diversity jurisdiction.

## IV.    DISCUSSION

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute ...." *Kokkonen,* 511 U.S. at 377. Under Rule 8(a)(1) of the Federal Rules of Civil Procedure, any pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction ...." Fed.R.Civ.P. 8(a)(1). Bizzarro's Complaint fails to comply with this requirement. However, because Bizzarro is acting *pro se*, the Court has carefully examined his Complaint as well as his response to FNB's Motion to Dismiss and other submissions to determine whether any basis for federal court subject matter jurisdiction exists in this case. In the context of this case, the only possible grounds for subject matter jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331, or diversity of citizenship jurisdiction under 28 U.S.C. § 1332.

A district court has federal question jurisdiction in any case where a plaintiff with standing makes a non-frivolous allegation that he or she is entitled to relief because the defendant's conduct violated the U.S. Constitution or a federal statute. *Growth Horizons, Inc. v. Delaware County, Pennsylvania*, 983 F.2d 1277, 1281 (3d Cir.1993). If jurisdiction is based on a federal question, the pleader claiming federal jurisdiction simply must show that the federal claim is not frivolous. *Radeschi v. Commonwealth of Pennsylvania*, 846 F.Supp. 416, 419 (W.D.Pa.1993) (citing *Bartholomew v. Librandi*, 737 F.Supp. 22 (E.D.Pa.), aff'd 919 F.2d 133 (3d Cir.1990). In the present case, Bizzarro's Complaint does not allege any federal

4

claim or cause of action. Bizzarro's allegations of misappropriation, negligence, and improper payment on a forged or unauthorized drawer's signature all sound in state law. Article 3 of Pennsylvania's version of the Uniform Commercial Code regulates negotiable instruments, including checks and the check collection process. *See* 13 Pa.C.S.A. § 3102. Article 4 defines the rights between parties with respect to bank deposits and collections involving banks located in Pennsylvania. *See* 13 Pa.C.S.A. § 4102(b). No federal statute or constitutional provision serves as the basis for any claim in this case. Because Bizzarro's Complaint does not present a claim under federal law no basis for federal question jurisdiction exists under 28 U.S.C. § 1331.

"The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between ... citizens of different States' where the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (quoting 28 U.S.C. § 1332). The statute requires "complete diversity between all plaintiffs and all defendants," even though only minimal diversity is constitutionally required. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir.2010). This means that, unless there is some other basis for jurisdiction, "no plaintiff [may] be a citizen of the same state as any defendant." *Id.*

A natural person is deemed to be a citizen of the state where he is domiciled. *Id.* As alleged in the Complaint, Bizzarro is a citizen of Pennsylvania. Pursuant to 28 U.S.C. §1348, a national bank, such as FNB, is deemed to be a citizen of the state in which it is located, which the U.S. Supreme Court has interpreted to be the state where the bank has its main office, as designated by its articles of association. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). FNB has submitted a copy of its Articles of Association certified by the Comptroller of the

5

Currency confirming that its main office is located in Greenville, Pennsylvania. This Court may take judicial notice of such records. See *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir.2002); *Miller v. EME Homer City Generation, LP*, 2013 WL 5972382, at *3 (W.D. Pa. Nov. 8, 2013) *Phillips v. Rustin*, 2007 WL 2823334, at *3 (W.D. Pa. Sept. 26, 2007) ("court may take judicial notice of the Articles of Incorporation"). Under 28 U.S.C. §1348 and *Wachovia Bank*, FNB is a citizen of Pennsylvania.[4] Because both Bizzarro and FNB are citizens of Pennsylvania, this Court's subject matter jurisdiction cannot be founded upon 28 U.S.C. § 1332.

And, while it is not necessary to reach the issue, it is also doubtful that Bizzarro's Complaint satisfies the amount in controversy requirement of § 1332(a). As noted, diversity of citizenship jurisdiction under § 1332 also requires that "the matter in controversy [must] exceed[] the sum or value of $75,000, exclusive of interests and costs[.]" 28 U.S.C. § 1332(a). In determining whether the claim exceeds this threshold, the court must assess "the value of the rights being litigated," *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir.1993), or "the value of the object of the litigation." *Hunt v. Wash. State Apple Advers. Comm'n*, 432 U.S. 333, 347 (1977); see also *Coregis Ins. Co. v. Schuster*, 127 F.Supp.2d 683, 686 (E.D.Pa.2001) (quoting 14B C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure 77 (3d ed. 1998)) ("It is well-settled by numerous judicial decisions by the Supreme Court, the court of appeals, and countless district courts that the amount in controversy for jurisdiction purposes is measured by the direct

---

[4] In *Wachovia Bank*, the Supreme Court left open the question of whether a national bank is also a citizen of the state of its principal place of business. *See id.* at 315 n. 8. Having determined that FNB and Bizzarro are both citizens of Pennsylvania, it is irrelevant whether FNB might also be a citizen of another state. Moreover, while not germane to the disposition of FNB's current motion, the Court notes all federal courts of appeals that have addressed this issue after *Wachovia Bank* have held that a national bank is a citizen *only* of the state in which it has its main office and not also in the state in which it has its principal place of business. *See, e.g., OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 218 (2d Cir. 2016); *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 708 (9th Cir. 2014); *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 706–10 (8th Cir. 2011); *Tu Nguyen v. Bank of Am., N.A.*, 516 Fed.Appx. 332, 334 n. 1 (5th Cir. 2013); *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

pecuniary value of the right that the plaintiff seeks to enforce or protect or the value of the object that is the subject matter of the suit."). If it appears from the pleadings or other evidence to a "legal certainty that the claim is really for less" than that required for diversity jurisdiction, and the plaintiff cannot refute the evidence, the action should be dismissed. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938); *Nelson v. Keefer*, 451 F.2d 289 (3d Cir.1971).

Here, Bizzarro's response to FNB's motion states that Bizzarro suffered a loss in the amount of $17,500.00 as a result of the unauthorized withdrawals from his personal bank account. [ECF No. 11, p.1]. Although Bizzarro's response also references "loss of a lucrative business as well as the detriment this has made to his credit profile" [ECF No. 11, p.2], neither his Complaint nor his response alleges that the value of Bizzarro's total damages exceeds $75,000.00. It also does not appear that any of Bizzarro's alleged damages other than the $17,500.00 representing unauthorized withdrawals would be recoverable under the theories of liability asserted in his Complaint. Thus, Bizzarro's Complaint also fails to satisfy the amount in controversy requirement of diversity jurisdiction and his action is also subject to dismissal on this ground.

## V. CONCLUSION

Once subject matter jurisdiction is found not to exist, "the only function remaining to the court is that of announcing the fact and dismissing the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Accordingly, FNB's Motion to Dismiss [ECF No. 5] Plaintiff's Complaint is hereby GRANTED.

7

RICHARD A. LANZILLO  
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of March, 2019